# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 09-50958
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OTTONIEL CHACON-CHINCHILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-383-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ottoniel Chacon-Chinchilla (Chacon) appeals from his within-guidelines range sentence of 41 months of imprisonment for illegal reentry. He argues that the sentence imposed was substantively unreasonable for several reasons. Because Chacon did not object to his sentence, review is for plain error only. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

We have rejected Chacon's argument that by "effectively double-counting" the criminal history of illegal immigrants, the applicable guidelines range

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overstates the risk of recidivism and danger posed by such offenders. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  He also concedes that his contention that a sentence within a guidelines range calculated pursuant to U.S.S.G. § 2L1.2 should not be afforded a presumption of reasonableness is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Chacon's argument that his sentence should have been more lenient because his offense was neither violent nor dangerous but rather was, essentially, an international trespass has also been rejected by this court. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Although he contends that the sentence is unreasonable because it does not properly account for his history and characteristics, the district court concluded that the sentence was appropriate in light of all of the 18 U.S.C. § 3553(a) factors, and this court must give deference to that conclusion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Chacon fails to rebut the presumption of reasonableness afforded his within-guidelines sentence, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and much less shows plain error.  *See Peltier,* 505 F.3d at 391-92.

AFFIRMED.